IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA L. COBB, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:22-CV-1867-B-BH |
| | § | |
| FRANK KENDALL, Secretary, | § | |
| Department of the Air Force, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings, evidence, and applicable law, the *pro se* plaintiff's *Motion for Attorney's Fees and Non-Taxable Cost*, filed September 22, 2022 (doc. 16), should be **DENIED** without prejudice as premature.

On August 23, 2022, the *pro se* plaintiff filed this action against a federal defendant for alleged discrimination in employment and paid the filing fee. (*See* doc. 2.) By order dated August 31, 2022, she was notified that because she had paid the filing fee, she was responsible for serving the defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. (*See* doc. 8.) By order dated September 7, 2022, she was notified that despite providing a certificate of service of her motion to appoint counsel, she had still not filed proof of service on the federal defendant in accordance with Fed. R. Civ. P. 4(i). (*See* doc. 12.) She subsequently twice amended her complaint and filed a proof of service indicating that she had personally attempted to serve the defendant via certified mail, return receipt requested, through the United States Postal Service. (*See* docs. 13-15.)

On September 22, 2022, the plaintiff filed her motion for attorney's fees and related non-taxable costs under Rule 54(d)(2). (*See* doc. 16.) She seeks reimbursement for fees and costs that

---

[1] By *Standing Order of Reference* dated August 29, 2022 (doc. 7), this *pro se* case has been referred for pretrial management.

she incurred during the administrative proceedings before the Equal Employment Opportunity Commission prior to filing this action in federal court. (*See id.*)

"Rule 54 of the Federal Rules of Civil Procedure governs requests for the award of costs and attorneys' fees to prevailing parties." *Police & Fire Retirement System of the City of Detroit v. Smith Intern'l, Inc.*, No. 4:10-1925, 2011 WL 13134341, at *5 (S.D. Tex. Feb. 28, 2011), *rec. adopted by* 2011 WL 13134610 (S.D. Tex. Apr. 4, 2011). Rule 54(d)(2) provides that a claim for attorney's fees and related non-taxable costs must be made by motion filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2); *ExxonMobil Corporation v. Electrical Reliability Services, Incorporated*, 868 F.3d 408, 422 (5th Cir. 2017). The motion must "'specify the judgment and the statute, rule, or other grounds entitling the movant to the award.'" *Smith Intern'l, Inc.*, 2011 WL 13134341, at *5 (citing Fed. R. Civ. P. 54). The "entry of judgment" to which Rule 54(d)(2)(B) refers is the entry of judgment by the district court. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir.1996) (relying on date of district court's entry of judgment as relevant date for motion under Rule 54(d)(2)(B)). Where no judgment has been entered, a motion under Rule 54(d)(2) is premature. *See Cooper v. Gates*, No. 3:16-CV-2630-L, 2017 WL 3209452, at *6 (N.D. Tex. Mar. 7, 2017) (finding that a determination of request for attorney's fees in response to a motion to dismiss was premature and recommending denial of the plaintiffs' request without prejudice), *rec. adopted*, 2017 WL 7512934 (N.D. Tex. Aug. 11, 2017); *Choice Hotels Intern., Inc. v. Goldmark Hospitality, LLC*, No. 3:12-CV-0548-D, 2014 WL 642731, at *15 (N.D. Tex. Feb. 19, 2014) (denying request at summary judgment stage for leave to file supplemental documents regarding costs and a motion for attorney's fees as premature, noting that the movant would have an opportunity to seek fees and nontaxable costs under Rule 54(d)(2)); *Smith*

2

*Intern'l, Inc.*, 2011 WL 13134341, at *5 (finding that it was "clearly premature" to determine whether the plaintiff was entitled to recover fees and costs in the absence of a judgment on the merits and a determination that the plaintiff was a prevailing party).

Here, the plaintiff has not yet shown that she has properly served the defendant, and he has not yet appeared, answered, or otherwise responded to this lawsuit. No judgment in her favor has yet been entered. The plaintiff's motion for attorney's fees and nontaxable costs under Rule 54(d)(2) should be **DENIED** without prejudice as premature.

**SO RECOMMENDED** on this 23rd day of September, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE