IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA L. COBB, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:22-CV-1867-B-BH |
| | § | |
| FRANK KENDALL, Secretary, | § | |
| Department of the Air Force, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion to Reconsider Legal Counsel*, filed September 27, 2022 (doc. 20), is hereby **DENIED**.

Wanda L. Cobb (Plaintiff) brings this action for alleged discrimination in employment. (*See* doc. 2.) By order dated August 31, 2022, her first motion to appoint counsel was denied because she had not met her burden of establishing a basis for appointing counsel. (*See* docs. 6, 9.) She now seeks reconsideration of that denial on grounds that she has contacted several attorneys and that her case has merit.

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule

---

[1] By *Standing Order of Reference* dated August 29, 2022 (doc. 7), this *pro se* case has been referred for pretrial management.

54(b).  *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185).  The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'"  *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Here, Plaintiff has still not shown sufficient reason for appointment of counsel in this case.  As discussed in the order denying her prior motion, the Fifth Circuit has identified three factors to be considered in deciding whether a plaintiff should be appointed counsel in employment discrimination cases: (1) the merits of the claims alleged; (2) the party's efforts to retain the services of an attorney; and (3) the party's financial ability.  (*See* doc. 9 (citing *Neil v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)).  No single factor is conclusive. (*See id.* (citing *Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)).  The order specifically noted because appointed counsel serve without compensation unless the suit is successful and attorney's fees are awarded, the circumstances under which counsel should be appointed are limited. (*See id*. (citing *Lee v. U.S. Postal Serv*., 882 F. Supp. 589, 593 (E.D. Tex. 1995) (in turn citing 42 U.S.C. § 2000e-5(k))).

Plaintiff has now identified several attorneys that she has contacted in an effort to retain one,

and she contends that her case has merit despite the Equal Employment Opportunity Commission's (EEOC) final decision denying her motion for reconsideration, from which the Court may gauge the potential merit of this action.  *See Gonzales*, 907 F.2d at 580 (holding that the determination of the EEOC is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding).  Although she has shown that this factor now weighs in her favor, she has still not shown that the first and third factors support appointment of counsel in this case.  Her request for reconsideration of the order denying appointment of counsel is therefore **DENIED**.  If the case proceeds to trial, the Court may reconsider whether additional factors warrant appointing counsel at that time.

    **SO ORDERED** on this 28th day of September, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE